
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUAN RODRIGUEZ, | ) | CASE NO. 7:13CV00047 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| FEDERAL BUREAU OF PRISONS, ET AL., | ) | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | ) | |

Juan Rodriguez, a federal inmate proceeding pro se, brings this civil action, seeking reimbursement for the value of personal property items lost by prison officials. Upon review of the record, the court finds that the action must be summarily dismissed as legally frivolous.[1]

I

Rodriguez alleges that in April 2012, when Federal Bureau of Prisons ("BOP") officials transferred him from the Federal Correctional Institution ("FCI") Gilmer, in West Virginia, to another BOP prison facility, FCI Gilmer officials lost his personal property items. Rodriguez filed an administrative tort claim against the BOP, seeking to recover $680.00 for the lost items.[2] On November 19, 2012, the Beckley Legal Center issued a letter, indicating that after investigation, BOP officials found it appropriate to offer Rodriguez a settlement under 31 U.S.C. § 3723 in the amount of $70.50, based on the depreciated value of the lost property. When Rodriguez asked for reconsideration of the offer, the agency stood by its November 19, 2012 decision.

---

[1] The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] Rodriguez asserts that the lost items were worth more than $1,500, but because he only has receipts for some items, he only asked for $680.00 in his tort claim.

Rodriguez brings this civil action against the BOP and the "Beck[l]ey Legal Center," seeking reimbursement for his lost property items, punitive damages, and court costs. Rodriguez is now incarcerated in a BOP prison facility in Georgia.

## II

It is not clear from Rodriguez's complaint what sort of claim he intends to file. His allegations, however, make it evident that this court is not the proper venue for Rodriguez's lawsuit, regardless of his theory of the case. The actions of which Rodriguez complains occurred in West Virginia, and the Beckley Legal Center is located in that state, while Rodriguez himself is currently in Georgia. For property claims such as Rodriguez brings here, venue would lie in a district court in West Virginia, where the property loss occurred and the defendant entities reside, or in Georgia, where Rodriguez now resides. See 28 U.S.C. § 1391(e). The court could transfer the case under 28 U.S.C. § 1631 to a court where venue would be appropriate. However, the court cannot find that such a transfer would be "in the interest of justice," as required for transfer under § 1631, because Rodriguez's allegations do not state any ground for judicial relief.

Rodriguez submitted his complaint on a form designed to assist inmates who wish to pursue a civil rights pursuant to 42 U.S.C. § 1983 for constitutional violations committed by state prison officials. See West v. Atkins, 487 U.S. 42 (1988) (finding that § 1983 claim requires showing that conduct committed by a person acting under color of state law deprived plaintiff of rights guaranteed by the Constitution or laws of the United States). Rodriguez names federal entities as defendants, however. Federal officials cannot be sued under § 1983, because they do not act under color of state law. Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982). Therefore, Rodriguez has no cause of action under § 1983.

In Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the United States Supreme Court created a remedy, similar to § 1983, to allow individuals to sue for damages for deprivations of constitutional rights caused by the actions of officials acting under color of federal law. Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000). Federal agencies, such as the BOP and the Beckley Legal Center, are not subject to suit under Bivens. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Also, a prison official's negligent loss of an inmate's property does not give rise to any constitutional claim. Daniels v. Williams, 474 U.S. 327, 332 (1986). Because Rodriguez does not identify any federal official as a defendant or demonstrate that anyone purposely lost or destroyed his property, he has stated no actionable Bivens claim.[3]

Finally, Rodriguez has no cause of action in any court based on his dissatisfaction with the settlement offered to him under § 3723. This section authorizes federal "agency heads to settle, for not more than $1000, claims involving the negligence of governmental employees," including "loss of a prisoner's property by the negligence of a BOP officer." Andrews v. United States, 441 F.3d 220, 225 n. 5 (4th Cir. 2004) (abrogated on other grounds by Ali v. Federal Bureau of Prisons, 552 U.S. 214, 220-21 (2008)). Because the remedy under § 3723 "does not

---

[3] Rodriguez mentions two BOP attorneys in his complaint who participated in the resolution of his tort claim under § 3723. He has no claim against these individuals under Bivens, because he fails to state facts demonstrating that either of them had any personal involvement in the alleged deprivation of his property.

allow a judicial suit," id., however, Rodriguez cannot ask a court to alter or reverse the settlement already offered to him.[4]

For the reasons stated, the court concludes that Rodriguez's complaint states no factual or legal basis for judicial relief in any court. Therefore, the interests of justice do not require transferring the case under § 1631 for improper venue. Instead, the court summarily dismisses the action,[5] pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of March, 2013.

                                                                        Chief United States District Judge

---

[4] While the Federal Tort Claims Act ("FTCA") authorizes recovery against the United States for some deprivations caused by the negligent actions of federal employees, Rodriguez is precluded from pursuing an FTCA remedy for his property loss claim. See Ali v. Federal Bureau of Prisons, 552 U.S. 214, 241 (2008) (holding that the FTCA exception codified at 28 U.S.C. § 2680(c), regarding detention of property by "any officer of customs or excise or any other law enforcement officer," extends to losses of property by BOP officials); Searcy v. United States, 106 Fed. Cl. 116, 118 n.1 (Fed. Cl. 2012) ("Ali [552 U.S. at 228 n. 7] explained that the 'administrative remedy' provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained.").

[5] See Searcy, 106 Fed. Cl. at 117-18 (summarily dismissing case upon finding that transfer under § 1631 was unwarranted, because prisoner's tort claim for detained property was without merit).